of the peace, grounded upon the oath of a person that there was probable cause of a breach of the peace, etc. etc.

Verdict for plaintiff.   Damages, $150.

## TUBMAN WRIGHT v. WILLIAM TOWNSEND.

Court of Common Pleas.   Sussex.   November, 1804.

*Rodney's Notes.*

*Bayard* [for plaintiff].   *Cooper* [for defendant].

Elias Wright.   June 6, 1803, I was carting with my brother's oxen.   William Townsend said it was his land; if I did not go off he'd shoot me and the oxen.   I was going to start.   He fired at the oxen, put seventeen shot in the off steer and four in the near.   He was fourteen steps off.   Neither died; worth 50; didn't work for eight weeks.

Cross-examined.   Townsend had not forewarned me, said somebody had been cutting timber on South Wales.   I told him I didn't know who.   W. Chance and S. Wales overjet; my brother lives on both or where they overjet.

William Askreed.   I could not extract the shot.   Oxen were disabled four or five weeks.

Isaac Riggin.   I saw one shot plaintiff said come out of the steer.   Steers were worth say $34.   Plaintiff and his father had been in possession 35 years.   Oxen were apprehended to satisfy damage done on the land.   Townsend forewarned plaintiff cutting, etc.

Jesse Moor.   Ox seemed to be badly wound.   Plaintiff's father, Jesse Wright, settled W. Chance 30 or 40 years ago.   He and his children have held it since.   I saw the ox, etc.

*Cooper* for defendant.

Levin Stewart.

Jesse Green.

*Bayard.* They have made out no justification. The only question is as to the amount of damages.

*Vandyke.* As to the amount of damages.

*Bayard* in conclusion.

Verdict $120.

Motion for new trial on the ground that the damages were excessive. Morg.Ess.

*Bayard.* In the case of torts, the damages must not only appear to be excessive, but such as that all the world at first blush consider outrageous, and monstrous indeed. Morg.Ess. The case in Strange, the only one where new trial was granted for excessive damages, and is not law, that alone not being sufficient ground for new trial in torts.

PER CURIAM. We do not consider that there is sufficient cause for new trial shown in this case.

## JAMES REED v. THOMAS DEHORTY, et al.

Court of Common Pleas. Kent. December, 1804.

*Rodney's Notes.*

*Clayton* [for plaintiff]. *H. Ridgely* [for defendants].

John Price. As I went to my work in the morning, the family of plaintiff were living in the house. As I came back in the evening, the defendants had moved it fifteen or twenty yards. Reed had lived there four or five years before, was not at home at the time. Some of them said plaintiff was too poor to go to law. Thomas Dehorty claimed the house by purchase from Hughlett.